UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

GARY ANNABLE and ANGELA
JONES, on behalf of themselves and
those similarly situated,

        CASE NO.:

    Plaintiffs,

vs.

WARBIRD CONSULTING
PARTNERS, LLC, a Georgia Limited
Liability Company,

    Defendants.
_____/

## NATIONWIDE COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, GARY ANNABLE ("Annable") and ANGELA JONES ("Jones") ("Annable and Jones together "Plaintiffs"), on behalf of themselves and other "Asset Professionals," "Junior Professionals," "Project Consultants," "Due Diligence Consultants," and "Senior Professionals" and former employees similarly situated, by and through undersigned counsel, file this Complaint against Defendant, WARBIRD CONSULTING PARTNERS, LLC ("Warbird" or "Defendants") and state as follows:

## NATURE OF THE ACTION

1. Plaintiffs allege on behalf of themselves and other similarly situated current and former "Asset Professionals," "Junior Professionals," "Project Consultants," "Due Diligence Consultants," and "Senior Professionals" and former

employees similarly situated of the Defendant, who elect to opt into this action, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§216(b), that they are: (i) entitled to unpaid wages from Defendants for overtime work for which they did not receive time and one-half overtime pay, as required by law, (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 *et seq.*; and (iii) declaratory relief pursuant to 28 U.S.C. §2201.

## **JURISDICTION**

2. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201 *et seq.,* hereinafter called the "FLSA") to recover unpaid overtime wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

3. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

4. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

5. Venue is proper in this Court because Defendant maintains its corporate headquarters within the District, one or more Plaintiffs reside in this District, and Defendant's management made the decisions about the compensation practices leading to the claims accruing herein within this District.

# PARTIES

6. At all times material to his employment with Defendant, Annable was a resident of Montgomery County, Pennsylvania, and during multiple work weeks within the three (3) year statute of limitations period between approximately March 2015 and July 2015, Annable worked for Defendant as an "Asset Professional" in San Juan, Puerto Rico, and performed the duties of an "Asset Professional," however so titled throughout his employment with Defendant.

7. At all times material hereto Jones was a resident of Fulton County, Georgia, and during multiple work weeks within the three (3) year statute of limitations period between approximately January 2014 and December 2015, Jones worked for Defendant as an "Asset Professional," "Junior Professional," "Project Consultant," "Due Diligence Consultant," and "Senior Professional" in San Juan, Puerto, San Diego, California, Chicago, Illinois, and New York, New York.

8. At all times material hereto, Defendant was, and continues to be, a Georgia Limited Liability Company with its corporate headquarters at 600 Galleria Parkway SE, Suite 1400, Atlanta, Georgia 30339.

9. At all times material hereto, Defendant was, and continues to be, engaged in business in Georgia, with its principal place of business in Fulton County, Georgia.

10. At all times material hereto, Defendant owned and operated a nationwide

project management and consulting business with employees who carried out assignments for Defendant and its customers throughout the United States and Puerto Rico.

11. It is the intent of this collective action to apply to all similarly situated non-exempt employees of Defendant to whom Defendant has failed to pay full and proper overtime premiums as required by the FLSA, regardless of location, within the three (3) year statute of limitations through the present.

## COVERAGE

12. At all times material hereto Plaintiffs were Defendant's "employees" within the meaning of the FLSA.

13. At all times material hereto, Defendant was Plaintiffs' "employer" within the meaning of the FLSA.

14. Defendant was, and continues to be, an "employer" within the meaning of the FLSA.

15. At all times material hereto, Defendant was, and continues to be, "an enterprise engaged in commerce" within the meaning of the FLSA.

16. Specifically, at all material times to this Complaint, Defendant simultaneously maintained business operations in multiple states and/or territories at all times relevant hereto.

17. At all times material hereto, the annual gross revenue of Defendant was

in excess of $500,000.00 per annum, including but not limited to the years 2013, 2014, 2015, 2016 and 2017.

18. At all times material hereto, Defendant has had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce. In this regard, Plaintiffs allege based on information and belief, that at all times material to this Complaint, Defendant has employed two (2) or more employees, who *inter alia*: (a) regularly handled office equipment—including but not limited to computers, photocopiers/scanners—that had moved in or were produced for commerce; (b) regularly handled and worked with commercial office supplies such as paper, pens, and UPS/FedEx/USPS shipping materials that moved in or were produced for commerce; and (c) regularly processed interstate bank and/or other electronic transfers and transactions.

19. At all times material hereto, Defendant was, and continue to be, an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §203(s).

20. At all times hereto, Plaintiffs were "engaged in commerce" and subject to individual coverage of the FLSA by virtue of the fact that they performed their work for Defendant in multiple states/territories and their work involved regular and recurrent interstate communications.

21. At all times hereto, Plaintiffs were engaged in interstate commerce

and/or the production of goods for commerce and subject to the individual coverage of the FLSA.

## STATEMENT OF FACTS

22. Defendant operates a nationwide project management and consulting business with employees who carry out assignments for Defendant and its customers throughout the United States and Puerto Rico.

23. Plaintiffs were employed by Defendant in variously titled job positions including but not limited to "Asset Professional," "Junior Professional," "Project Consultant," "Due Diligence Consultant," and "Senior Professional."

24. Plaintiffs' primary job duties for Defendant as non-exempt employees in multiple work weeks between approximately January 2014 and December 2015 in the job titles known as "Asset Professional," "Junior Professional," "Project Consultant," "Due Diligence Consultant," and "Senior Professional," however variously titled, consisted of the following non-exempt tasks: reviewing documents on-site at project locations; taking inventories; moving boxes; and submitting reports, all pursuant to established procedures and guidelines set by Defendant, Defendant's clients, and/or third party-entities which Plaintiffs were required to follow.

25. The primary job duties performed by Plaintiffs and the other similarly situated non-exempt employees for Defendant in the job titles known as "Asset Professional," "Junior Professional," "Project Consultant," "Due Diligence

Consultant," and "Senior Professional," however variously titled, *did not* involve the exercise of discretion and independent judgment nor were their duties administrative support for Defendant's back-of-the house general business operations. To the contrary, Plaintiffs and the other similarly situated employees of Defendant are the very production workers who provided the services for which Defendant derived revenues through the fees paid to Defendant by its client's/customers.

26. Regardless of the job title, throughout their employment with Defendant, Plaintiffs and those similarly situated had primary job duties that were similar and non-exempt in nature.

27. Regardless of the project to which Defendant assigned them to work, throughout their employment with Defendant, Plaintiffs and those similarly situated to them performed similar job duties.

28. Regardless of the state/territory to which Defendant assigned them to work, throughout their employment with Defendant, Plaintiffs and those similarly situated to them performed similar job duties.

29. Plaintiffs, and those similarly situated to them, routinely worked in excess of Forty (40) hours per week as part of their regular job duties.

30. Despite working more than Forty (40) hours per week, at all job sites/projects intended to be included in this collective action throughout the United States and Puerto Rico, Defendant failed to pay Plaintiffs, and those similarly situated

to them, overtime compensation at a rate of time and a half their regular rate of pay for all hours worked over Forty (40) in a workweek during the three (3) year statute of limitations period through the present.

31. Defendant has employed and continues to employ hundreds of other individuals as non-exempt "Asset Professionals," "Junior Professionals," "Project Consultants," "Due Diligence Consultants," and "Senior Professionals," and other job titles who performed and continue to perform the same or similar job duties under the same pay provisions as Plaintiffs and the class members nationwide.

32. Defendant has violated 29 U.S.C. §207 during the three (3) year statute of limitations period through the present, in that:

   a. Plaintiffs worked in excess of Forty (40) hours per week for their period of employment with Defendant;

   b. No payments, or insufficient payments and/or provisions for payment, have been made by Defendant to properly compensate Plaintiffs at the statutory rate of one and one-half times Plaintiffs' regular rate for those hours worked in excess of Forty (40) hours per work week as provided by the FLSA;

   c. Defendant has failed to all of the proper time records mandated by the FLSA.

33. Plaintiffs have retained the law firms of Morgan & Morgan, P.A. and

Keith M. Stern, P.A. to represent them in this litigation and have agreed to pay the firms a reasonable fee for their services.

## COLLECTIVE ACTION ALLEGATIONS

34. Plaintiffs and the class members were all "Asset Professionals," "Junior Professionals," "Project Consultants," "Due Diligence Consultants," "Senior Professionals" or employees who held similar positions, however titled, at assignment locations throughout the United States and Puerto Rico who performed the same or similar job duties as one another in that they performed documents/records reviews and inventories for Defendant and Defendant's customers.

35. Further, Plaintiffs and the class members were all subjected to the same pay provisions in that they were not compensated at time-and-one-half of their applicable regular rates for all hours worked in excess of Forty (40) hours in a workweek during the three (3) year statute of limitations period. Thus, the class members are owed unpaid overtime wages for the same reasons as Plaintiffs.

36. Defendant's failure to compensate Plaintiffs and the other similarly situated employees for all of their hours worked in excess of Forty (40) hours in a workweek during the three (3) year statute of limitation period as required by the FLSA results from Defendant's policy or practice in failing to ensure that Plaintiffs and the class members who have worked as "Asset Professionals," "Junior Professionals," "Project Consultants," "Due Diligence Consultants," "Senior

Professionals," or employees who held similar positions however titled are/were paid properly and fully for all of their overtime hours worked based on the Defendant's willful violations of the FLSA.

37. Defendant's policy or practice was applicable to Plaintiffs and the class members. Application of this policy or practice does/did not depend on the personal circumstances of Plaintiffs or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of overtime wages to Plaintiffs applied and continues to apply to all class members. Accordingly, the class members are properly defined as:

> **All Plaintiffs and the class members who have worked within the three (3) year statute of limitations period as "Asset Professionals," "Junior Professionals," "Project Consultants," "Due Diligence Consultants," "Senior Professionals" or employees who held similar positions, however titled, throughout the United States and Puerto Rico who worked for Defendant nationwide within the three (3) year statute of limitations period who were not compensated at time-and-one-half for all hours worked in excess of Forty (40) hours in one or more workweeks.**

38. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiffs and the class members.

39. Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201 *et seq.*,

(c) Department of Labor Wage & Hour Opinion Letters; or (d) the Code of Federal Regulations.

40. During the relevant period, Defendant violated § 7(a)(1) and § 15(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as set forth herein for one or more workweeks within the three (3) year statute of limitations period without compensating such employees for their work at a rate of at least the time-and-one-half their applicable regular rates of pay for all hours worked in excess of Forty (40) hours in a work week.

41. Defendant has acted willfully in failing to pay Plaintiffs and the class members in accordance with the law.

42. Defendant has failed to maintain accurate records of Plaintiffs' and the class members' work hours in accordance with the law.

## COUNT I
## VIOLATIONS OF 29 U.S.C. §207 OVERTIME COMPENSATION

43. Plaintiffs reallege and reaver paragraphs 1 through 42 the Complaint as if fully set forth herein.

44. Between at least January 2014 and December 2015, Plaintiffs worked in excess of Forty (40) hours per week for Defendant for which Plaintiffs were not compensated at the statutory rate of one and one-half times Plaintiffs' applicable regular rates of pay.

45. Plaintiffs were, and are entitled to be paid at the statutory rate of one and one-half times their applicable regular rates of pay for all hours worked in excess of Forty (40) hours in a work week.

46. At all times material hereto, Defendant failed, and continues to fail, to maintain proper time records as mandated by the FLSA.

47. To date, Defendant continues to fail to pay all of its "Asset Professionals," "Junior Professionals," "Project Consultants," "Due Diligence Consultants," "Senior Professionals" and employees who held similar job titles, however titled, their FLSA mandated overtime pay, despite the fact that these employees are non-exempt and entitled to overtime compensation under the FLSA.

48. Defendant's actions in this regard were/are willful and/or showed/show reckless disregard for the provisions of the FLSA as evidenced by Defendant's continued failure to compensate Plaintiffs at the statutory rate of one and one-half times Plaintiffs' applicable regular rates of pay for all hours worked in excess of Forty (40) hours per weeks Defendant knew, or should have known, such was, and is due.

49. Indeed, Defendant has paid one or more Plaintiffs and class members as "Asset Professionals," "Junior Professionals," "Project Consultants," "Due Diligence Consultants," "Senior Professionals" and employees who held similar job titles, however titled, overtime compensation on some of the projects Defendant staffs for its clients, but Defendant elected not to pay Plaintiffs and the other similarly situated

employees who perform nearly identical duties their proper overtime premiums on the job assignments that are the subject of this collective action.

50. Further, Defendant failed to properly disclose or apprise Plaintiffs of Plaintiffs' rights under the FLSA.

51. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiffs and the other similarly situated employees have suffered and continue to suffer damages and lost compensation for time worked over Forty (40) hours per week, plus liquidated damages.

52. Plaintiffs are entitled to an award of reasonable attorney's fees and costs from Defendant pursuant to 29 U.S.C. §216(b).

## **PRAYER FOR RELIEF**

Wherefore, Plaintiffs, GARY ANNABLE and ANGELA JONES, on behalf of themselves and all other similarly situated Collective Action Members respectfully requests that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, appraising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue

pursuant to 29 U.S.C. §216(b) and appointing Plaintiffs and the undersigned counsel to represent the Collective Action members;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

c. An injunction against the Defendant and its officers, agents, successors, employees, representatives and any and all persons in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

d. An award of unpaid wages and overtime compensation due under the FLSA;

e. An award of liquidated damages as a result of Defendant's willful failure to pay wages and overtime compensation pursuant to 29 U.S.C § 216;

f. An award of prejudgment and post judgment interest;

g. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

h. Such other and further relief as this Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the Complaint.

Dated:  January 24, 2017

                Respectfully submitted,

                **/s/ANDREW R. FRISCH**
                Andrew. R. Frisch, Esquire
                MORGAN & MORGAN, P.A.
                600 N. Pine Island Road, Suite 400
                Plantation, Florida 33324
                Telephone: (954) WORKERS
                Facsimile: (954) 327-3013
                E-mail: afrisch@forthepeople.com

                -and-

                Keith M. Stern, Esquire
                (*pro hac vice* forthcoming)
                Florida Bar No. 321000
                LAW OFFICE OF KEITH M. STERN, P.A.
                One Flagler
                14 NE 1st Avenue, Suite 800
                Miami, Florida 33132
                Telephone:  (305) 901-1379
                Facsimile:  (561) 288-9031
                E-mail:  employlaw@keithstern.com
                ***Attorneys for Plaintiffs***