UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

GARY ANNABLE and ANGELA
JONES, on behalf of themselves and
those similarly situated,

                                           Case No. 1:17-cv-279-SCJ

           Plaintiffs,

vs.

WARBIRD CONSULTING
PARTNERS, LLC, a Georgia
Limited Liability Company,

           Defendant.

_____ /

## MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENTS AND AND DISMISSAL OF CASE WITH PREJUDICE

Plaintiffs GARY ANNABLE and ANGELA JONES and Opt-In Plaintiffs

PAMELA MERRIWEATHER GILBERT, BILL DAVIDSON, and DEWANDA

DAY (referred to herein as "Plaintiffs"), and Defendant WARBIRD

CONSULTING PARTNERS, LLC (referred to herein as "Warbird" and

"Defendant") (Plaintiffs and Defendant collectively referred to as "the Parties"), by

and through their undersigned counsel, hereby submit their Memorandum of Law

1

in Support of Joint Motion For Approval of Settlement Agreements and Dismissal of Case with Prejudice ("Joint Motion").

## I.      Factual Background

Prior to the filing of the instant action in January 2017, Plaintiffs' Counsel, Keith M. Stern, Esquire conducted an extensive pre-suit investigation starting in March 2016 culminating in the service of a pre-suit class demand on Warbird on July 26, 2017.  Warbird's counsel at the time, Todd Van Dyke, Esquire of the law firm Jackson Lewis P.C., responded on behalf of Warbird, and the parties began what ultimately spanned approximately five (5) months of discussions and detailed records review and analysis of Plaintiffs' claims for allegedly unpaid overtime wages against Warbird.  *See* Stern Declaration ¶¶ 1-2.  In this regard, after Plaintiffs' Counsel provided Warbird with proposed tolling and confidential information exchange agreements, on or around October 11, 2016, the Parties executed agreements to facilitate the confidential exchange of voluminous information and records relating to Plaintiffs' claims and Warbird's defenses. Stern Decl. at ¶ 3.

On October 29, 2016, pursuant to the parties' agreement, Warbird produced to Plaintiffs' counsel information including, notably, each of the Plaintiff's and Opt-In Plaintiffs' employment records with, *inter alia*, their payroll and time

records.  Stern Decl. at ¶ 4.  After conducting a review and analysis of the records and data, Warbird provided pursuant to the parties' agreement, on December 2, 2016, Plaintiffs provided Warbird with Plaintiffs' purported damages analysis and damages model based on their claims.  Stern Decl. at ¶ 5.  This analysis contained an assessment of Plaintiffs' and Opt-In Plaintiffs' allegedly unpaid overtime wages based upon the hours Plaintiffs recorded in and reflected by Warbird's time records.   Stern Decl. at ¶ 6.  However, no mutually agreeable resolution of Plaintiffs' claims could be reached after several months of discussions.  Thereafter, on January 24, 2017, Plaintiffs Gary Annable and Angela Jones filed their original Complaint seeking the recovery of allegedly unpaid overtime wages and other damages from Warbird under the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, *et seq.* ("the Lawsuit") on behalf of themselves and other "Asset Professionals," "Junior Professionals," "Project Consultants," "Due Diligence Consultants," "Senior Professionals" or employees who held similar positions, however titled, employed by Warbird at numerous locations throughout the United States and Puerto Rico.  *See* Nationwide Collective Action Compl. & Demand for Jury Trial, ECF No. 1; *see also* Stern Decl. at ¶¶ 7-8.

On February 21, 2017, Angelo Spinola, Esquire and Anne Mellen, Esquire of the law firm Littler Mendelson, P.C. appeared as counsel for Warbird, and

Defendant filed its Answer & Affirmative Defenses to the Complaint.  *See* Warbird Consulting Partners, LLC's Ans. & Defenses to Plaintiffs' Nationwide Collective Action Compl. & Demand for Jury Trial, ECF No. 8; *see also* Stern Decl. at ¶ 9. Significantly, Warbird expressly denied any liability and asserted, *inter alia*: Plaintiffs were exempt from the FLSA's overtime compensation requirements; Plaintiffs had already been paid all wages required by law; Plaintiffs could not satisfy the "similarly situated" requirements of a collective action; Warbird had reasonable, good faith bases upon which Defendant compensated Plaintiffs; and even if Plaintiffs should ever be found to be owed any overtime compensation from Warbird, the nature of any such recovery necessarily would be limited to a half-time rate.  *See id.* Affirmative & Other Defenses ¶¶ 3, 6-7, 10, 17, and 20.

Following Defendant's answer to the Complaint, consent to join forms were filed by Pamela Merriweather Gilbert on March 1, 2017, Bill Davidson on March 6, 2017, and Dewanda Day on March 10, 2017.  *See* Notice of Filing Consent to Join, ECF No. 12, 13 and 14; *see also* Stern Decl. at ¶¶ 10-13.  Thereafter, on March 13, 2017, Warbird filed an Amended Answer & Affirmative Defenses, *see* Warbird Consulting Partners, LLC's First Amended Ans. & Defenses to Plaintiffs' Nationwide Collective Action Compl. & Demand for Jury Trial ("Amended Compl."), ECF No. 15, and on March 30, 2017, the Parties filed their Joint

Preliminary Report and Discovery Plan.  *See* Joint Prelim. Report & Discovery Plan, ECF No. 20; *see also* Stern Decl. at ¶¶ 13-14.

On March 31, 2017, settlement discussions between the parties resumed, and Warbird provided Plaintiffs with Defendant's analysis of Plaintiffs' claims and its defenses including, *inter alia*, detailed factual grounds and legal authorities supporting the exempt nature of the work Defendant maintains Plaintiffs performed and the legal and factual basis for Defendant's position that Plaintiffs' claims would not survive a motion for summary judgment and would not be conditionally certified. *See* Stern Decl. at ¶ 15.

On April 24, 2017, Plaintiffs filed a Motion to Amend Complaint and Extended Class Certification Deadline, *see* Plaintiffs' Motion for Leave to File Amended Class & Collective Action Compl. & to Extend Class Certification Deadline & Incorporated Memo. of Law, ECF No. 22, and, on May 18, 2017, Plaintiffs filed their Amended Class and Collective Action Complaint adding claims under the Puerto Rico Working Hours and Days Act, 29 Code §§ 271, *et seq*.  *See* Amended Class & Collective Action Compl. & Demand for Jury Trial ¶¶ 64-76, ECF No. 25; *see also* Stern Decl. at ¶¶ 16, 18.  Defendant has denied, and continues to deny, the validity of the claims and allegations asserted in the Lawsuit (and as amended) and denies it is subject to any liability.  Also in April 2017,

Plaintiffs completed drafting their Motion for Conditional Certification of a Nationwide Class of "Asset Professionals," "Junior Professionals," "Project Consultants," "Due Diligence Consultants," and "Senior Professionals," in connection with which extensive conferrals were undertaken between Plaintiffs and Warbird in advance of the Motion being filed with the Court in light of *inter alia*, Defendant's asserted defenses including the existence of Arbitration Agreements governing potential plaintiffs in the putative class. *See* Stern Decl. ¶ 17.

After almost one (1) year of combined negotiations and litigation, the Parties have now reached a resolution of Plaintiffs' underlying wage and hour claims in the Lawsuit, while also resolving Plaintiffs' claims for attorneys' fees and costs, as set forth in the parties' Settlement Agreements attached hereto as executed by each Plaintiff and Opt-In Plaintiff. *See* Exhibit A. Under this settlement, Warbird has agreed to pay Plaintiffs each gross consideration, before applicable taxes, to resolve their individual claims in the Lawsuit as follows: (a) $4,557.50 to Gary Annable; (b) $12,398.75 to Angela Jones; (c) $8,005.63 to Pamela Merriweather Gilbert; (d) $14,140.25 to Bill Davidson; and (e) $7,482.50 to Dewanda Day. In addition, Warbird has agreed to pay $55,489.00 to resolve Plaintiffs' claims for

attorneys' fees along with $1,980.99 for costs in the Lawsuit.  *See* Settlement Agreements, attached as **EXHIBIT A**.

The Parties state and agree that the terms and conditions of settlement set forth in the attached Settlement Agreements are fair, reasonable, and in the best interest of the Parties.  The Parties have entered into the Settlement Agreements because the Settlement Agreements reflect a reasonable compromise of the Parties' disputed issues and any actual or potential claims.  In addition, the Parties believe that the certainty of settlement is better than the uncertain outcome of protracted litigation.

## II.     Applicable Law

The FLSA provides that "[a]ny employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be . . ."  29 U.S.C. § 216(b).  The FLSA's provisions are mandatory and, except in two narrow circumstances, generally are not subject to bargaining, waiver, or modification by contract or private settlement.  *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 704-07, 65 S. Ct. 895, 900-02, 89 L. Ed. 1296 (1945).  The two limited circumstances in which FLSA claims may be compromised are (1) when the Secretary of Labor supervises the settlement pursuant to 29 U.S.C. §

216(c) or (2) when a court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b). *Lynn's Food Stores, Inc. v. U.S. Dept. of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982).

When parties bring a proposed settlement of an FLSA claim before a court, the court must scrutinize the settlement to determine whether it is a fair and reasonable resolution of a bona fide dispute. *Id*. at 1354-55. If a settlement in an employee FLSA suit reflects "a reasonable compromise over issues," such as FLSA coverage or computation of back wages that are "actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id*. at 1354.

In determining whether a settlement is fair and reasonable, courts have considered factors such as: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, risk, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the strength of the plaintiff's case and the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel. *See King v. My Online Neighborhood*, Case No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575, *3 (M.D. Fla. Mar. 7, 2007) (*citing Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994)); *see also Trinh v. JP Morgan*

*Chase & Co.*, Case No. 07-CV-01666 (WMC), 2009 WL 532556, *1 (S.D. Cal. Mar. 3, 2009).  "When considering these factors, the Court should keep in mind the 'strong presumption' in favor of finding a settlement fair."  *King*, 2007 WL 737575 at *3 (*quoting Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)).  Moreover, "a 'settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution.'"  *King*, 2007 WL 737575 at *3 (*quoting In re General Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 806 (3d Cir. 1995) (other internal citations omitted)).  Finally, where attorneys' fees and costs are agreed upon separately, without regard to the amount paid to a plaintiff-employee, it further supports approval of reasonable disputes.  *Bonetti v. Embarq Mgmt. Co.,* 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).  Under the facts and circumstances in this case, the Parties believe the settlement is fair and reasonable and should be approved by the Court.

## III.   Analysis

Warbird employed the five (5) Plaintiffs at various times within their respective three (3) year statute of limitations periods between approximately January 2014 and December 2015.  *See* Amended Compl. ¶ 27, ECF No. 25.  Plaintiffs alleged, in short, that they frequently worked in excess of forty (40) hours per workweek but were not paid at the overtime rates required by the FLSA

and Puerto Rico law for all hours worked in excess of 40 hours per week. To this end, Plaintiffs alleged that their primary job duties for Warbird were non-exempt in nature and consisted of tasks such as reviewing documents on-site at project locations; taking inventories; moving boxes and submitting reports, all pursuant to established procedures and guidelines set by Defendant, Defendant's clients, and/or third-party entities which Plaintiffs were required to follow. *See* ECF No. 25 at ¶ 27. However, Warbird denies that Plaintiffs were misclassified as exempt employees under the FLSA or relevant state law. Defendant has asserted that Plaintiffs, when classified as exempt employees, were exempt under the administrative and highly-compensated employee exemptions. More specifically, each one of Warbird's FDIC projects on which Plaintiffs were deployed had a different scope and involved different job duties and responsibilities, such that Plaintiffs were classified as exempt or overtime eligible based on a project-by-project analysis—which, Defendant maintained, meant that the two (2) named Plaintiffs are not "similarly situated" to the proposed nationwide putative class. Further, Defendant has asserted that it conducted assessments of each project and job position prior to classifying positions as exempt or non-exempt, as a result of which all five (5) Plaintiffs were properly classified as exempt (when classified as exempt) pursuant to the FLSA's administrative exemption because their primary

duties required substantial and independent financial work exercising discretion and independent judgment.

Warbird has also maintained that Plaintiffs' compensation when classified as exempt employees complied with applicable law given that Plaintiffs received compensation on a salaried basis—which was a fixed biweekly salary (ranging from $3,600 to $4,000 per pay period and $2,000 per week) that did not vary based on the time worked. In addition, Warbird also paid Plaintiffs a "billable bonus" to recognize and reward productivity when certain criteria were met, which took into account the number of days worked, the number of hours worked, the number of days in which there were paid time off or holidays, and the number of hours paid as paid time off or holidays. Significantly, Plaintiffs recorded contemporaneous time records of their daily start and stop times and reported those hours of work to Warbird. Defendant used Plaintiffs' recorded hours of work and days worked (among other factors) to pay Plaintiffs (when certain criteria was met) a billable bonus what amounted to a *higher* hourly rate to Plaintiffs for their hours worked over 40 per workweek than even could arguably have been required by the FLSA—because the "billable bonus" was paid with a formula entailing an "adjusted standard hours" metric and "billable bonus hours" metric working together to calculate an "equivalent hourly rate" for the salary—which was each

11

Plaintiff's salary broken down into an hourly rate to determine the billable bonus pay and which entailed additional compensation at rates of approximately $45.00 per hour beyond each Plaintiffs' salary.

More specifically, based upon an average weekly salary of between $1,800.00 and $2,000.00 per Plaintiff, when their actual hours worked were analyzed from Warbird's time records and the salaried wages is divided by the undisputed number of hours reflected in each Plaintiff's time records, the precise amount of each Plaintiff's alleged claim was calculated. To this end, this calculation's corresponding half-time rates resulted in approximately $22.50 per hour by which the number of hours over 40 was multiplied for each work week, amounting to calculations as follows:

| Plaintiff | Weeks Worked | # of Hrs>40 | Assumed Wages |
|---|---|---|---|
| Gary Annable | Mar. 2015 – Jul. 2015 | 247.00 | $5,557.50 |
| Angela Jones | Mar. 2015 – Sept. 2015 | 595.50 | $13,398.75 |
| Bill Davidson | Mar. 2015 – Aug. 2015 | 672.90 | $15,140.25 |
| Pamela Gilbert | Mar. 2015 – Aug. 2015 | 400.25 | $9,005.63 |
| Dewanda Day | Mar. 2015 – Aug. 2015 | 377.00 | $8,482.50 |

Accordingly, in light of the parties' agreement to resolve Plaintiffs' individual claims in this Lawsuit for gross consideration to be paid by Warbird (i.e., before taxes) in the amounts of: (a) $4,557.50 to Gary Annable; (b) $12,398.75 to Angela Jones; (c) $14,140.25 to Bill Davidson; (d) $8,005.63 to Pamela Merriweather Gilbert; and (e) $7,482.50 to Dewanda Day—and given the significant risks of an

12

adverse judgment Plaintiffs faced—the Parties' resolution of the dispute in this case is fair and reasonable.

Notably, one of Warbird's defenses has been that Plaintiffs are "highly compensated" employees under the FLSA and, therefore, exempt on this basis as well, as a result of Plaintiffs having already been paid a salary and a billable bonus amounting to at least $100,000.000 in annualized total earnings.

Similarly, Warbird maintains that even if Plaintiffs, when classified as exempt employees, were ever found to be overtime eligible as a matter of law, they were previously paid amounts *in excess* of any overtime compensation that would be due and owing to them as a result of the salary and billable bonus paid by Warbird.  This means that not only did Plaintiffs face a potential zero-outcome in this case in light of Defendant's exemption defenses, but Warbird has steadfastly maintained that Plaintiffs suffered no lost wages or damages to begin with.

Finally, Warbird has also contended that even if Plaintiffs could, assuming *arguendo*, survive summary judgment and establish that any overtime wages could ever be due  on the basis of their misclassification claim (which it strongly denies), at worst Warbird would be entitled as a matter of law to credit for the billable bonus already paid to Plaintiffs, the result of which would be that Plaintiffs could only ever recover, at most, one-half their respective regular(s) rate of pay—i.e.,

half-time—not overtime for hours over 40 per week at a time and one-half rate, because it is undisputed that all Plaintiffs in this case were paid on a salaried basis with a fixed salary which did not vary based on the time worked, plus the billable bonus.

Defendant denies any liability to Plaintiffs whatsoever, or that liquidated damages are warranted because Defendant conducted detailed assessments on a prospective project-by-project basis before classifying consultant positions as exempt or non-exempt and these evaluations had different results which demonstrate that Warbird in fact performed an individualized inquiry and made classifications in good faith. Similarly, Defendant maintained that even if Plaintiffs could prevail on the merits, any damages would be limited to a two-year statute of limitations.

At all times material throughout this case, Plaintiffs and Defendant have been represented by counsel experienced in the litigation of wage and hour claims and both the settlement amount and parties' Settlement Agreement was the subject of arms'-length negotiations between the parties. Further, there has been no collusion or fraud, and the settlement agreed upon is the culmination of months of negotiations. Courts have found no fraud or collusion where both parties were represented by counsel and the amount to be paid to the plaintiff seemed fair. *See,*

14

*e.g., Helms v. Central Fla. Reg. Hosp.,* No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994, *11-12 (M.D. Fla. Dec. 21, 2006).  Here, each party was independently represented by counsel with experience in litigating wage and hour claims, and each counsel was obligated to and did vigorously represent their clients' rights.

The probability of success on the merits and length of future litigation also militate in favor of this settlement.  If the parties continued to litigate this matter, they would be forced to engage in further costly discovery, motion practice, and a potential trial in order to prove their claims and defenses.  Similarly, had Plaintiffs continued with the instant litigation, discovery may have established that Plaintiffs could have recovered substantially less—or faced a potential zero-outcome recovery—if Defendant had succeeded on establishing the administrative or highly compensated exemptions applied in this matter.  This settlement, therefore, is a reasonable means for both parties to minimize future risks and litigation costs.  As a result, the Parties having engaged in almost twelve (12) months of arms'-length settlement negotiations were able to reach an agreement to resolve this matter.

In terms of fairness of the individually executed Settlement Agreements, given Plaintiffs' asserted bases for liability and the defenses that Defendant raised, Plaintiffs' probability of success is uncertain.  Therefore, settlement of the Lawsuit

in favor of certainty is fair and reasonable.  The Parties had extensive discussions about settlement both prior to the commencement of this lawsuit and after, over the course of almost a year, before Plaintiffs accepted Defendant's most recent offer, and the Parties have worked together to reach a final settlement amount that is a fair and reasonable resolution of Plaintiffs' Lawsuit for their allegedly unpaid overtime, wages and interest and, separately, for their attorneys' fees and costs.

The Settlement Agreements also provide for the payment of attorneys' fees and costs by Warbird to resolve Plaintiffs' claims for fees and costs in the Lawsuit. The FLSA authorizes an award of attorneys' fees to a prevailing plaintiff in any proceeding to enforce the provisions of the Act.  The Amended Complaint in this case reflects that this was a proceeding brought to enforce the provisions of the FLSA and Puerto Rico law.  A reasonable attorneys' fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.  Attached to this Motion is the Declaration of Plaintiffs' Counsel, Keith M. Stern, Esquire, which contains a certification by Plaintiffs' Counsel that Plaintiffs' Counsels' hours claimed are well grounded in fact and justified.   Further, the Declaration reflects that Plaintiffs' Counsel spent a combined total of 162.90 hours of Plaintiffs' Counsel's time at each attorneys' respective hourly rates.  *See* Stern Decl. ¶ 21-22.  In this regard, sworn testimony

16

by Plaintiffs' Counsel that the hours were spent in litigating this case is evidence of considerable weight of the time required to represent Plaintiffs and bring about the ultimate Settlement Agreements herein. *See Perkins v. Mobile Housing Authority*, 847 F.2d 735, 738 (11th Cir. 1988).

In the instant case, for settlement purposes only, Warbird has agreed to pay the sum of $55,489.00 for Plaintiffs' attorneys' fees herein, along with $1,980.99 for costs reimbursements covering all out-of-pocket costs incurred in prosecuting this case from the filing fees, service of process, and legal research costs. The total attorneys' fee time incurred by Plaintiffs in the Litigation as reflected in the billing records of Plaintiffs' Counsel is approximately $73,305.00, including $54,900.00 from the Law Office of Keith M. Stern, P.A. and $18,405.00 from Morgan & Morgan, P.A. *See* Stern Decl. ¶¶ 21-22. Plaintiffs' Counsel maintain that the proposed resolution of Plaintiffs' attorneys' fees and costs is fair and reasonable and, therefore, should be approved as part of the Parties' Settlement Agreements, and Defendant has agreed to pay Plaintiffs' attorneys' fees, costs, and expenses as outlined in the Parties' proposed Settlement Agreements.

WHEREFORE, Plaintiffs GARY ANNABLE and ANGELA JONES, Opt-In Plaintiffs PAMELA MERRIWEATHER GILBERT, BILL DAVIDSON, and DEWANDA DAY, and Defendant WARBIRD CONSULTING PARTNERS,

17

LLC, respectfully request that this Court enter an Order (1) approving the Parties'

settlement; (2) dismissing this action with prejudice; and (3) retaining jurisdiction

over this case to enforce the Parties' Settlement Agreements.

    Respectfully submitted, this 18th day of August 2017.

| | |
|---|---|
| **/s/ CARLOS LEACH**<br>Andrew R. Frisch, Esq.<br>Georgia Bar No.: 366105<br>MORGAN & MORGAN, P.A.<br>600 Pine Island Road, Suite 400<br>Plantation, FL 33324<br>Phone: (954) WORKERS<br>Fax:    (954) 327-3013<br>Email: afrisch@forthepeople.com<br><br>Carlos Leach, Esquire<br>GA Bar No. 488443<br>MORGAN & MORGAN, P.A.<br>191 Peachtree Street NE, Suite 4200<br>Atlanta, GA 30303<br>T: (404) 965-8811<br>F: (404) 965-8812<br>E-mail: cleah@forthpeople.com<br><br>Keith M. Stern, Esquire<br>Admitted p*ro hac vice*<br>Florida Bar No. 321000<br>E-mail: employlaw@keithstern.com<br>LAW OFFICE OF KEITH M. STERN, P.A.<br>One Flagler – 14 NE 1st Avenue, Suite 800<br>Miami, Florida 33132<br>Telephone: (305) 901-1379<br>Facsimile: (561) 288-9031 | **/s/ANNE M. MELLEN_____**<br>  Angelo Spinola, Esq.<br>  Georgia Bar No. 672191<br>  Anne Mellen, Esq.<br>  Georgia Bar No. 558694<br>  LITTLER MENDELSON, P.C.<br>  3344 Peachtree Road, N.E.<br>  Suite 1500<br>  Atlanta, Georgia 30326-4803<br>  T: (404) 233-0330<br>  F: (404) 233-2361<br>  Email: aspinola@littler.com<br>  Email: amellen@littler.com<br><br>  ***Attorneys for Defendant*** |

| *Attorneys for Plaintiffs & Opt-In Plaintiffs* | |

## <u>FONT CERTIFICATION</u>

The undersigned hereby certifies that this pleading complies with the requirements of LR 5.1B because the document has been prepared in Times New Roman, 14 point, and 1.5" and 1" margins.

/s/ *Carlos Leach*
Attorney for Plaintiffs and Opt-In
Plaintiffs

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GARY ANNABLE and ANGELA JONES, on behalf of themselves and those similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>WARBIRD CONSULTING PARTNERS, LLC, a Georgia Limited Liability Company,<br><br>      Defendant. | CIVIL ACTION NO. 1:17-cv-00279-SCJ |

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of August, 2017, I electronically filed the foregoing **MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENTS AND DISMISSAL OF CASE WITH PREJUDICE** with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

Angelo Spinola, Esq.
Anne Mellen, Esq.
LITTLER MENDELSON, P.C.
3344 Peachtree Road, N.E.
Suite 1500
Atlanta, Georgia 30326-4803
T: (404) 233-0330
F: (404) 233-2361
Email: aspinola@littler.com
Email: amellen@littler.com

*/s/ Carlos Leach*
Attorney for Plaintiffs and Opt-In Plaintiffs